Thomas R. Califano, Esq.
Jamila Justine Willis, Esq.
Rachel Nanes, Esq. (admitted *pro hac vice*)
**DLA PIPER LLP (US)**
1251 Avenue of the Americas
New York, New York 10020-1104
Telephone: (212) 335-4500
Facsimile:  (212) 335-4501
thomas.califano@dlapiper.com

*Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| ORION HEALTHCORP, INC. | : | Case No. 18-71748 (AST) |
| CONSTELLATION HEALTHCARE TECHNOLOGIES, INC. | : | Case No. 18-71749 (AST) |
| NEMS ACQUISITION, LLC | : | Case No. 18-71750 (AST) |
| NORTHEAST MEDICAL SOLUTIONS, LLC | : | Case No. 18-71751 (AST) |
| NEMS WEST VIRGINIA, LLC | : | Case No. 18-71752 (AST) |
| PHYSICIANS PRACTICE PLUS, LLC | : | Case No. 18-71753 (AST) |
| PHYSICIANS PRACTICE PLUS HOLDINGS, LLC | : | Case No. 18-71754 (AST) |
| MEDICAL BILLING SERVICES, INC. | : | Case No. 18-71755 (AST) |
| RAND MEDICAL BILLING, INC. | : | Case No. 18-71756 (AST) |
| RMI PHYSICIAN SERVICES CORPORATION | : | Case No. 18-71757 (AST) |
| WESTERN SKIES PRACTICE MANAGEMENT, INC. | : | Case No. 18-71758 (AST) |
| INTEGRATED PHYSICIAN SOLUTIONS, INC. | : | Case No. 18-71759 (AST) |
| NYNM ACQUISITION, LLC | : | Case No. 18-71760 (AST) |
| NORTHSTAR FHA, LLC | : | Case No. 18-71761 (AST) |
| NORTHSTAR FIRST HEALTH, LLC | : | Case No. 18-71762 (AST) |
| VACHETTE BUSINESS SERVICES, LTD. | : | Case No. 18-71763 (AST) |
| MDRX MEDICAL BILLING, LLC | : | Case No. 18-71764 (AST) |
| VEGA MEDICAL PROFESSIONALS, LLC | : | Case No. 18-71765 (AST) |
| ALLEGIANCE CONSULTING ASSOCIATES, LLC | : | Case No. 18-71766 (AST) |
| ALLEGIANCE BILLING & CONSULTING, LLC | : | Case No. 18-71767 (AST) |
| PHOENIX HEALTH, LLC | : | Case No. 18-71789 (AST) |
| | : | |
| Debtors. | : | (Jointly Administered) |

-------------------------------------------------------------------x

```
-----------------------------------------------------x
In re:                                         :
                                               :   Chapter 11
NEW YORK NETWORK MANAGEMENT, L.L.C.   :
                                               :   Case No. 18-_____(AST)
                        Debtor.                :
                                               :   (Joint Administration Requested)
Employer's Tax Identification No.:             :
11-3347168                                     :
-----------------------------------------------------x
```

**MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER APPROVING
SUPPLEMENTAL JOINT ADMINISTRATION OF AN ADDITIONAL CASE
PURSUANT TO FED. R. BANKR. P. 1015(b) AND GRANTING RELATED RELIEF**

New York Network Management, L.L.C., Orion HealthCorp, Inc. and their affiliated debtors and debtors in possession (collectively, the "Debtors"), by and through their counsel and proposed counsel, DLA Piper LLP (US), hereby submit this motion (the "Motion") for the entry of an order, substantially in the form attached hereto as Exhibit A (the "Proposed Order"), directing the supplemental joint administration of the chapter 11 case of New York Network Management, L.L.C. (the "Additional Debtor") with the previously Court-approved joint administration of the chapter 11 cases of *Orion HealthCorp, Inc., et al.*, for procedural purposes only. In support of this Motion, the Debtors rely upon and incorporate by reference the *Declaration of Timothy J. Dragelin in Support of Chapter 11 Petitions and First Day Motions* [*In re Orion HealthCorp, Inc.*, Case No. 18-71748 (AST), Docket No. 2] (the "First Day Declaration") and the *Supplemental Declaration of Timothy J. Dragelin in Support of Chapter 11 Petition of New York Network Management, L.L.C. and Motions Filed Contemporaneously Therewith* (the "Supplemental Declaration," and together with the First Day Declaration, the

"<u>Declarations</u>")[1] filed with the Court contemporaneously herewith.  In further support of this Motion, the Debtors respectfully state as follows:

<u>JURISDICTION AND VENUE</u>

1.      This Court has jurisdiction over these cases, the Debtors, their estates and this Motion, under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).

2.      Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The Debtors consent to the entry of a final judgment or order with respect to the Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments on this Motion consistent with Article III of the United States Constitution.

4.      The statutory and legal predicates for the relief sought herein are section 342(c)(1) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rules 1005 and 1015 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") and Rule 9004-2 of the Local Bankruptcy Rules for the Eastern District of New York (the "<u>Local Rules</u>").

<u>BACKGROUND</u>

5.      The Additional Debtor is a subsidiary of Orion HealthCorp, Inc., a consolidated enterprise of several companies.  The Debtors operate the following businesses: (a) outsourced revenue cycle management for physician practices, (b) physician practice management, (c) group purchasing services for physician practices, and (d) an independent practice association business.

6.      On March 16, 2018 (the "<u>Petition Date</u>"), certain of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, which cases are jointly administered for procedural purposes only.

---

[1]  Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Declarations.

7.      The Debtors continue to be in possession of their assets and to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

8.      On April 4, 2018, the Office of the United States Trustee for the Eastern District of New York (the "U.S. Trustee") appointed the Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102(a)(1) of the Bankruptcy Code.  As of the date hereof, no trustee or examiner has been appointed in the Debtors' chapter 11 cases.

9.      On July 5, 2018 (the "Supplemental Petition Date"), the Additional Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

10.     The chapter 11 case of the Additional Debtor is necessary for the Debtors to effectuate the potential sale of substantially all of the Additional Debtor's assets and, in turn, maximize the recovery of the Debtors' estates.

11.     Additional factual background regarding the Debtors, including their business operations, their capital and debt structures, and the events leading to the filing of these bankruptcy cases, is set forth in detail in the Declarations, which are fully incorporated herein by reference.

**RELIEF REQUESTED**

12.     By this Motion, the Debtors seek entry of an order (i) directing joint administration of the Debtors' chapter 11 cases for procedural purposes only, (ii) directing parties in interest to use a modified, consolidated caption (the "Consolidated Caption") indicating that any pleading they file relates to the jointly administered bankruptcy cases of "*Orion HealthCorp, Inc., et al*.," and (iii) waiving the requirement that captions in these bankruptcy cases list the Debtors' tax identification numbers and addresses.

**BASIS FOR RELIEF**

13.     Bankruptcy Rule 1015(b) provides that if two or more petitions are pending in the same court by or against a debtor and an affiliate, the court may order joint administration of the estates of the debtor and such affiliates.  Constellation Healthcare Technologies, Inc. is the direct parent of Orion HealthCorp, Inc. and the indirect parent of all of the remaining Debtors, including the Additional Debtor.  Accordingly, the Debtors are "affiliates" as that term is defined in section 101(2)(B) of the Bankruptcy Code and as used in Bankruptcy Rule 1015(b).  Thus, joint administration of the Debtors' cases is appropriate under Bankruptcy Rule 1015(b).

14.     Most, if not virtually all, of the motions, applications, hearings, and orders that will arise in these chapter 11 cases will jointly affect all of the Debtors.  For this reason, the Debtors respectfully submit that the interests of the Debtors, their creditors, and other parties in interest would be best served by the joint administration of these chapter 11 cases.  In order to optimally and economically administer the Debtors' chapter 11 cases, such cases should be jointly administered, for procedural purposes only, under the case number assigned to the jointly administered cases of *In re Orion HealthCorp, Inc*., Case No. 18-71748 (AST).

15.     Joint administration will save time and money and avoid such duplicative and potentially confusing filings by permitting counsel for all parties in interest to, among other things, (a) use a single caption on the numerous documents that will be served and filed in these chapter 11 cases and (b) file the pleadings in one case rather than in multiple cases.  Moreover, this Court will be relieved of the burden of entering duplicative orders and maintaining duplicative files.  Also, joint administration will ease the burden on the Office of the United States Trustee in supervising these bankruptcy cases and will permit the Clerk of the Court to use a main docket for all of the Debtors' cases, allowing the Debtors and other parties in interest to

combine notices to creditors and other interested parties. Further, joint administration also will protect parties in interest by ensuring that parties in *each* of the Debtors' respective cases will be apprised of the various matters before the Court in these chapter 11 cases.

16.     The rights of the respective creditors of each of the Debtors will not be adversely affected by joint administration of these cases inasmuch as the relief sought is purely procedural and is in no way intended to affect substantive rights. Each creditor and other party in interest will maintain whatever rights it has against the particular estate in which it allegedly has a claim or right. Furthermore, because these cases involve hundreds of creditors, the entry of an order of joint administration will: (a) significantly reduce the volume of pleadings that otherwise would be filed with the Clerk of this Court, (b) render the completion of various administrative tasks less costly, and (c) minimize the number of unnecessary delays associated with the administration of numerous separate chapter 11 cases. Accordingly, the Debtors submit that the proposed Consolidated Caption for all notices, applications, motions, and other pleadings, attached as Exhibit 1 to the proposed order approving this Motion, satisfies the requirements of section 342(c)(1) of the Bankruptcy Code in all respects.

17.     The Debtors further submit that use of the simplified Consolidated Caption attached as Exhibit 1 to the proposed order approving this Motion, will eliminate cumbersome and confusing procedures and help ensure a uniformity of pleading identification. Further, case-specific information will be listed in the petitions for each Debtor, which are publicly available to parties in interest or will be provided by the Debtors upon request, and this information will be included in key notices to parties in interest, such as the notices required under Bankruptcy Rules 2002(a)(1), 2002(a)(7), and 2002(b) and Local Rule 9013-1(d), as applicable to these chapter 11

cases.  Therefore, the Debtors submit that the policies behind the requirements of section 342(c) of the Bankruptcy Code and Bankruptcy Rule 2002(n) have been satisfied.

18.     In addition, the Debtors request that the Court make a separate docket entry on the docket for the Additional Debtor substantially as follows:

> "An order has been entered in this case consolidating this case with the case Orion HealthCorp, Inc., Case No. 18-71748-AST, for procedural purposes only and providing for its joint administration in accordance with the terms thereof.  The docket in Case No. 18-71748-AST should be consulted for all matters affecting this case."

19.     In view of the fact that joint administration is procedural only, the Debtors respectfully request that the Court direct that any creditor filing a proof of claim against any of the Debtors or their respective estates clearly assert its claim against the particular Debtor obligated on such claim, and not against the jointly administered Debtors.

20.     An order of joint administration relates to the routine administration of a case and may be entered by the Court in its sole discretion on an *ex parte* basis.  The Debtors submit that no party will be prejudiced by virtue of the relief requested in this Motion.  Specifically, the relief sought in this Motion is solely procedural and is not intended to affect substantive rights.  Indeed, the relief requested in this Motion is commonly granted by this Court.  *See, e.g., In re East Coast TVs Inc.*, Case No. 18-40765 (ESS) [D.I. 22] (Bankr. E.D.NY. Feb. 16, 2018) (order directing joint administration of chapter 11 cases); *In re E & J Macon LLC*, Case No. 18-40321 (NHL) [D.I. 15] (Bankr. E.D.N.Y. Jan. 31, 2018) (same); *In re Bracha Cab Corp.*, Case No. 17-46613 (NHL) [D.I. 16] (Bankr. E.D.N.Y. Jan. 19, 2018) (same); *In re Avenica Inc.*, Case No. 17-41813 (ESS) [D.I. 123] (Bankr. E.D.N.Y. Aug. 15, 2017) (same); *In re Acme American Repairs, Inc.*, Case No. 17-42978 (NHL) [D.I. 42] (Bankr. E.D.N.Y. Aug. 4, 2017) (same); and *In re Courtland Habitats, Inc. fka Suny Habitats, Inc.*, Case No. 17-71523 (AST) [D.I. 57] (Bankr. E.D.N.Y. July 21, 2017).

21.    For these reasons, the Debtors submit that the relief requested in this Motion is in the best interest of the Debtors, their estates, creditors and other parties in interest and, therefore, should be granted.

## NOTICE

22.    Notice of this Motion shall be provided to: (i) the Office of the United States Trustee for the Eastern District of New York; (ii) the United States Attorney for the Eastern District of New York; (iii) the Tax Division of the U.S. Department of Justice; (iv) the parties included on New York Network Management, L.L.C.'s list of twenty largest creditors; (v) counsel to the Committee; (vi) counsel to Bank of America, N.A.; (vii) counsel to BMO Harris Bank, N.A.; (viii) counsel to Keybank National Association; (ix) counsel to Stifel Bank & Trust; (x) counsel to Woodforest National Bank; (xi) the Internal Revenue Service; (xii) all other parties required to receive service under Rules 2002-2 of the Local Bankruptcy Rules for the Eastern District of New York and the Guidelines for First Day Motions adopted by the Board of Judges for the United States Bankruptcy Court for the Eastern District of New York; and (xiii) any party that requested service under Bankruptcy Rule 2002.  Due to the urgency of the circumstances surrounding this Motion and the nature of the relief in it, the Debtors respectfully submit that no further notice of this Motion is required.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as Exhibit A, granting the relief requested in this Motion and such other and further relief as is just and proper.

Dated:  July 5, 2018
      New York, New York

Respectfully submitted,

**DLA PIPER LLP (US)**

*/s/ Thomas R. Califano*
Thomas R. Califano, Esq. (6114)
Jamila Justine Willis, Esq. (8231)
Rachel Nanes, Esq. (admitted *pro hac vice*)
DLA Piper LLP (US)
1251 Avenue of the Americas
New York, New York 10020-1104
Telephone: (212) 335-4500
Facsimile:  (212) 335-4501
E-mail:  thomas.califano@dlapiper.com
        jamila.willis@dlapiper.com
        rachel.nanes@dlapiper.com

*Counsel to the Debtors and Debtors in Possession*